PROB 12A
(NYEP-11/25/02)




# United States District Court
## for
## Eastern District of New York
### Report on Offender Under Supervision

Name of Offender: **Singh Samarjit**  Case Number: **CR-01-1329(FB)**
Name of Sentencing Judicial Officer: **Honorable Frederic Block, U.S. District Judge**
Date of Original Sentence: **June 19, 2003**
Original Offense: **18 U.S.C. 371 Conspiracy to Defraud the U.S. by Use of Unlawfully Altered Postal Money Orders, a Class D Felony**
Original Sentence: **Two years Probation, $100 special assessment fee, $57,984.63 restitution to be paid at a rate of 10% of gross monthly income or $200 per month, which ever is greater, 6 months community confinement and no re entry in the U.S. if deported.**

On February 22, 2005, the conditions of probation were modified to include that the defendant is to pay $80 per month towards his original restitution of $57,984.63.

Type of Supervision: **Probation**    Date Supervision Commenced: **January 23, 2004**

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

*"... the defendant shall not commit another federal, state, or local crime."*

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | New Criminal Conduct: Grand Larceny-4th degree |
| 2. | New Criminal Conduct: Criminal Impersonation-2nd degree |
| 3. | New Criminal Conduct: Identity Theft-3rd degree |

U.S. Probation Officer Action:

On July 14, 2005, the probationer was arrested in Queens, New York by Detective Edward Odriscoll of the New York City Police Department and charged with Grand Larceny-4th degree: Credit Card; Criminal Impersonation-2nd degree: Other Person and Identity Theft- 3rd degree. Specifically, according to the attached criminal complaint, the probationer allegedly provided false information regarding his identity, used another person's name as a form of identification and was in possession of 10 credit cards with different names. Furthermore, the arrest report indicates that follow- up with one of the banks revealed that the account was a bust out account and is being carried as a fraudulent account.

On February July 14, 2005, the probationer was arraigned in Queens Criminal Court and detained. He is currently in local custody in the Bronx, New York. His next court appearance is scheduled for July 29, 2005. Since the case remains pending, we respectfully recommend that no action be taken at this time. Unless otherwise directed by the Court, we will monitor the case until disposition. Thereafter, we will make an appropriate recommendation to the Court regarding the initiation of violation proceedings if appropriate.

Respectfully submitted by,

Cristina Vigliotti
U.S. Probation Officer
Date:7/27/05

Approved by,

David Washington
Supervising U.S. Probation Officer
Date:7/27/05

THE COURT ORDERS:
- ☑ No Action
- ☐ Submit a Request for Modifying the Condition or Term of Supervision
- ☐ Submit a Request for Warrant or Summons
- ☐ Other

Signature of Judicial Officer

Aug. 25, 2005
Date

**NOT ORIGINAL**

Office of the Queens County District Attorney
Case Tracking 2010
Complaint
Printed 7/27/2005

Q056351

CRIMINAL COURT OF THE CITY OF NY
PART APAR   COUNTY OF QUEENS

---

THE PEOPLE OF THE STATE OF NEW YORK
  STATE OF NEW YORK

    COUNTY OF QUEENS
        v.

SAMARJIT SINGH

        DEFENDANT

---

DETECTIVE EDWARD P ODRISCOLL OF THE 115 DETECTIVE SQUAD, TAX REGISTRY NUMBER 906965, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JULY 14, 2005 AT ABOUT 11:30 AM AT 130-34 KEW GARDENS ROAD, COUNTY OF QUEENS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 170.25 CRIMINAL POSSESSION OF A FORGED INSTRUMENT SECOND DEGREE (4
         COUNTS)
PL 165.45-2 CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE FOURTH DEGREE
         COUNTS)

IN THAT THE DEFENDANT DID:   WITH INTENT TO DEFRAUD, DECEIVE OR INJURE ANOTHER AND WITH KNOWLEDGE THAT THE INSTRUMENT WAS FORGED, UTTER OR POSSESS A FORGED INSTRUMENT OF A KIND SPECIFIED IN SECTION 170.10 OF THE PENAL LAW; KNOWINGLY POSSESS STOLEN PROPERTY CONSISTING OF A CREDIT CARD DEBIT CARD OR PUBLIC BENEFIT CARD WITH INTENT TO BENEFIT HIM/HERSELF OR PERSON OTHER THAN THE OWNER THEREOF OR TO IMPEDE THE RECOVERY BY THE OWN THEREOF;

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT AT THE ABOVE MENTIONED DATE, TIME AND PLACE OF OCCURRENCE, HE OBSERVED THE DEFENDANT, SAMARJIT SINGH, THROW A WALLET ON THE GROUND. DEPONENT STATES THAT HE RECOVERED SAID WALLET WHICH CONTAINE AMONG OTHER THINGS, ONE (1) CHASE VISA CARD IN THE NAME OF ZAFAR PASHA WITH ACCOUNT NUMBER ENDING IN 8651, ONE (1) CITIBANK BUSINESS MASTERCARD IN THE NAME OF JATINDER PAL FOR PAL CONSTRUCTION WITH ACCOUNT NUMBER ENDING IN 1973, AND ONE (1) CITIBANK BUSINESS ADVANTAGE CARD IN THE NAME OF ZAFAR PASHA FOR SN CONSTRUCTION WITH ACCOUNT NUMBER ENDING IN 9202.

DEPONENT STATES THAT HE KNOWS THAT SAID CREDIT CARDS ARE FORGED INSTRUMENTS IN THAT HE COULD NOT LOCATE ANY CONTACT INFORMATION FOR PAL CONSTRUCTION OR SN CONSTRUCTION IN THE FIVE BOROUGHS OF NEW YORK CITY. DEPONENT FURTHER STATES THAT THE BUSINESS PHONE NUMBER PROVIDED TO CHASE ON THE CREDIT CARD APPLICATION, AS HE IS INFORMED BY KEVIN STASIEK, AN EMPLOYEE OF THE INVESTIGATIONS UNIT, IS THE HOME PHONE NUMBER OF THE DEFENDANT. DEPONENT FURTHER STATES THAT THE BUSINESS PHONE NUMBER PROVID TO CITIBANK ON THE CREDIT CARD APPLICATION FOR THE ABOVE MENTIONED CITIBANK BUSINESS MASTERCARD, AS HE IS INFORMED BY MARK ZUCCO, AN EMPLOY INVESTIGATIONS UNIT OF CITIBANK, IS THE HOME PHONE NUMBER OF THE DEFENDANT.

DEPONENT STATES THAT HE IS INFORMED BY KEVIN STASIEK THAT HE IS THE LEGA CUSTODIAN OF SAID CHASE CREDIT CARD AND THAT THE DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY TO TAKE, USE OR OTHERWISE POSSESS SAID CREDIT CARD.

DEPONENT STATES THAT HE IS INFORMED BY MARK ZUCCO THAT HE IS THE LEGAL CUSTODIAN OF SAID CITIBANK BUSINESS CREDIT CARDS AND THAT THE DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY TO TAKE, USE OR OTHERWISE POSSESS SAID CREDIT CARDS.

DEPONENT STATES THAT HE ALSO RECOVERED FROM SAID WALLET A VALID NEW YORK STATE IDENTIFICATION CARD WITH THE DEFENDANT'S PICTURE BUT IN THE NAME O AJIT SINGH.

DEPONENT STATES THAT HE KNOWS THAT SAID NEW YORK STATE IDENTIFICATION CARD IS A FORGED INSTRUMENT IN THAT THE CARD HAD A PICTURE OF THE DEFENDANT BUT WITH A DIFFERENT NAME, DATE OF BIRTH, AND ADDRESS THAN THE DEFENDANT'S.